RONALD J. BECKMAN *v.* CLIFFORD BECKMAN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1142

Argued October 19 – decided December 11, 1981

*Eliot B. Gersten,* for the appellant (plaintiff).

*Marcus H. Bordiere,* for the appellee (defendant).

DALY, J. On September 5, 1978, the parties to this action entered into a written lease whereby the plaintiff leased to the defendant a portion of the premises known as No. 121–125 East Street, New Britain. The parties, who are brothers, agreed, inter alia, that "[s]aid leased premises shall be used only for the Lessee's [defendant's] present business and this lease shall terminate at the option of the Lessor [plaintiff] in the event the Lessee [defendant] shall suspend the

operation of such business for a period exceeding thirty (30) days . . . ." The plaintiff filed this summary process action contending that the failure of the defendant "to maintain" his business on the leased premises at its 1978 level constituted a breach of the lease agreement. Disagreeing with this contention, the trial court rendered judgment in favor of the defendant.

The plaintiff's principal contention, both here and in the court below, centers upon the defendant's admission of paragraph four of the plaintiff's complaint, which states that "[t]he defendant agreed pursuant to the provisions of the lease that he would maintain his business." The plaintiff avers that the defendant's admission of this paragraph supplants the obligation expressly contained in the lease that the defendant "shall not suspend the operation of such business for a period exceeding thirty (30) days." The plaintiff defines the word "maintain" as preventing "a decline, lapse or cessation from an existing state or condition." Therefore, according to the plaintiff, the defendant's failure to continue his business at its 1978 level constituted a breach of the lease.

The exact terms of the lease, which were before the court below and are before us now, are unambiguous. Although there is no Connecticut authority precisely on point, this appeal presents an issue that is strikingly similar to that before the court in *Gebhard* v. *Royce Aluminum Corporation*, 296 F.2d 17, 20 (1st Cir. 1961). The plaintiff in *Gebhard* contended that because he had alleged a somewhat different contract in his complaint, and the defendant's answer had admitted this allegation, the defendant was bound by its admission. Rejecting that contention, the *Gebhard* court held that although "[d]efendant's answer was no doubt careless, . . . it could have been amended," and concluded that when the "plaintiff proved a contract differing on its face from his own pleading, this was the end of any vitality in defendant's answer."

Although artful, the plaintiff's pleading of ambiguous terms not expressly contained in the lease did no more than incorporate the actual terms of the lease into the pleadings. Indeed, the allegation upon which the plaintiff bases his appeal explicitly states that "[t]he defendant agreed *pursuant to the provisions of the lease* that he would maintain his business." (Emphasis added.)

Since the defendant has kept the business in existence or continued it without suspending it for a period exceeding thirty days, we find no breach of the terms of the lease.

There is no error.

In this opinion SHEA and COVELLO, Js., concurred.